UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHANIEL CAYLOR, individually and as guardian of his minor son, W.C., <br><br>Plaintiffs, <br><br>v. <br><br>THE CITY OF SEATTLE; and OFFICER EUGENE SCHUBECK, <br><br>Defendants. | No. 2:11-cv-1217 <br><br>COMPLAINT FOR DAMAGES AND JURY DEMAND |

COMES NOW Plaintiffs, Nathaniel Caylor and W.C., and hereby allege as follows:

**NATURE OF THE ACTION**

This is an action under 42 U.S.C. § 1983 and state law for damages arising from the May 22, 2009 shooting of Plaintiff Nathaniel Caylor in the presence of his son, W.C., by Seattle Police Department ("SPD") Officer Eugene Schubeck. Officer Schubeck shot Mr. Caylor through the face without warning, while responding to a report that Mr. Caylor might be suicidal because of the recent accidental death of his fiancé and mother of his child. At the time of the shooting, Mr. Caylor was at his home and was unarmed, and Officer Schubeck had no reasonable grounds to believe he was armed. Before the shooting, Mr. Caylor told the officers he did not want to commit suicide and he did not want them to enter his home.

COMPLAINT - 1

The shooting was the result of the policies of the City of Seattle regarding the use of deadly force and the negligence of the SPD in responding to this suicide call, investigating this incident, and training and supervising its officers regarding such responses and investigations. Following the shooting, Defendant Schubeck and other officers wrongly and falsely caused Mr. Caylor to be prosecuted for a crime he did not commit, in order to justify their actions.

As a result of the shooting, Mr. Caylor suffered grievous physical injuries, and he and his son both suffered extreme emotional distress. As a result of the shooting and prosecution, and the SPD's negligent investigation of the event, Mr. Caylor was separated from his child and was forced to plead guilty to a crime he did not commit in order to regain custody of his child. This caused Mr. Caylor and his son great additional emotional distress and other damages.

## I.   PARTIES

1.1   **Plaintiffs.**

1.1.1   Nathaniel Caylor and W.C. are residents of King County, Washington and the Western District of Washington.  W.C. is a minor and appears here through his father, Nathaniel, as guardian ad litem.

1.2   **Defendants.**

1.2.1   Defendant Eugene Schubeck is a law enforcement officer who, at times relevant to this Complaint, worked for the Seattle Police Department.

1.2.2   Defendant City of Seattle is a municipal corporation organized under the laws of the State of Washington. The Seattle Police Department is an agency of the City of Seattle.

COMPLAINT - 2

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

10180.1 eg211401

## II. JURISDICTION AND VENUE

2.1 The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 42 U.S.C. § 1367.

2.2 Venue is appropriate in the Western District of Washington because the events complained of occurred in this District, and at least some of the Defendants reside in this District. 28 U.S.C. § 1391.

2.3 Plaintiffs filed Tort Claims on or about May 16, 2011 in compliance with RCW 4.92.100. No action has been taken on the claims in over sixty days.

## III. FACTS

3.1.1 On April 27, 2009, Charlotte Rhodes, the fiancé of Plaintiff Nathaniel Caylor and the mother of Plaintiff W.C., died accidentally.

3.1.2 On May 22, 2009, Carolyn Stillabower, Ms. Rhodes' sister, called Seattle Police Department dispatch and reported that Mr. Caylor "feels like blowing his brains out." The dispatcher confirmed: "He didn't say he was going to do it, but the only reason he won't is because of his son." Ms. Stillablower made it clear in this call that she had no information indicating that Mr. Caylor was armed, had harmed himself or anyone else, or had committed any crime.

3.1.3 In response to this call, Defendant Eugene Schubeck and SPD officers Scott Miller, Don Leslie B.G. Bright, Tammie Case, and Sgt. Stephen Hirjak went to the apartment Mr. Caylor and his son were sharing with Ms. Stillabower, at 12520 Greenwood Avenue N., in Seattle, Washington.

COMPLAINT - 3

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

10180.1 eg211401

3.1.4   Officer Leslie was assigned to act as the "crisis intervention" ("CIT") officer although he informed the dispatch: "I haven't been to any of the update training in years."

3.1.5   When Mr. Caylor appeared, Defendant Officer Schubeck and other officers pointed guns at him and demanded that he leave his home or allow them to enter. Mr. Caylor told the officers that he was not suicidal and was not threatening anyone, that he wanted to be left alone, that he did not want to leave his home and he did not want them to enter his home. The officers continued to point guns at him and make demands that he leave his home or allow them in. They did so unreasonably and failed to exercise due care in managing this crisis intervention.

3.1.6   In response to the officers' continued demands, Mr. Caylor cursed at them. When he did so, without warning, Officer Schubeck shot him in the face.

3.1.7   Plaintiff W.C. was present and saw his father get shot.

3.1.8   Following the shooting, the officers entered Mr. Caylor's home, searched it, and arrested him without probable cause.

3.1.9   Following the shooting, Defendant Schubeck and other officers falsely reported to the King County Prosecuting Attorney's Office and others that Mr. Caylor had threatened them with immediate bodily harm and that they had heard sounds coming from Mr. Caylor's apartment that indicated he was chambering a shotgun. These statements were knowingly or recklessly false. They were made in order to justify the unjustifiable shooting of Mr. Caylor.

3.1.10  Following the shooting, Seattle police officers investigated the shooting but did so negligently without due care. As a proximate result of their negligence, felony charges were filed against Mr. Caylor and he was separated from his son, W.C. Mr. Caylor entered an *Alford*

COMPLAINT - 4

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

10180.1 eg211401

plea to the charges, allowing himself to be found guilty of a crime he did not commit, in order to regain custody of his child.

3.1.11 Following the shooting, the policy-making officials of the Seattle Police Department and the City of Seattle ratified the officers' above described actions including shooting of Mr. Caylor.

3.1.12 Mr. Caylor was gravely injured by the shooting. He has required prolonged hospitalization and multiple reconstructive surgeries and continues and will continue to require surgeries and medical treatment, with associated medical expenses. He has suffered and is continuing to suffer disfigurement, severe physical pain and post-traumatic distress. He has lost and will in the future lose income and earning capacity and the full ability to enjoy life. As a result of the false charges against Ms. Caylor and negligent investigation of these events, Mr. Caylor has suffered damage to his reputation and separation from his son W.C., and he was forced to plead guilty to a crime he did not commit in order to regain custody. This caused great emotional distress and other damages to Mr. Caylor and to W.C.

3.1.13 W.C. was severely traumatized by the shooting and separation from his father and suffered and continues to suffer great emotional distress as a result.

3.1.14 The actions of the Defendants described above were taken pursuant to the policies, customs and usages of the Seattle Police Department and under color of the laws of the State of Washington.

3.1.15 At all relevant times, Defendants and other officers involved in the seizure, the shooting, the entry and the later investigation were acting as agents of the Seattle Police Department and within the scope of their employment by it.

COMPLAINT - 5

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

10180.1 eg211401

## IV. CLAIMS

### FIRST CAUSE OF ACTION
### (Federal Civil Rights Violation Under 42 U.S.C. § 1983)

4.1 By virtue of the facts set forth above, Defendant Eugene Schubeck is liable for compensatory and punitive damages for deprivation of Plaintiffs' civil rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983, including the unreasonable seizure of his person, the use of excessive force, entry into his home, and arrest and detention without probable cause.

### SECOND CAUSE OF ACTION
### (*Monell* Action Against City of Seattle)

4.2 By virtue of the facts set forth above, and as a result of its policies, practices, customs, and usages, the City of Seattle caused Mr. Caylor to be deprived of rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, specifically the rights to be free from unreasonable searches and seizures of his home and person.

### THIRD CAUSE OF ACTION
### (State Law Claim of Outrage)

4.3 By virtue of the facts described above, the City of Seattle is liable to Plaintiffs for the tort of outrage because of the extreme and outrageous nature of its agents' actions, which intentionally and/or recklessly inflicted severe emotional distress on Plaintiffs.

### FOURTH CAUSE OF ACTION
### (State Law Battery)

4.4 By virtue of the facts set forth above, Defendant Eugene Schubeck and the City of Seattle are liable for battery for the unjustified shooting Plaintiff Nat Caylor.

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

10180.1 eg211401

**FIFTH CAUSE OF ACTION**
**(State Law Negligence: shooting)**

4.5     By virtue of the facts set forth above, the City of Seattle is liable for the negligence of its agents which caused Mr. Caylor to be shot.

**SIXTH CAUSE OF ACTION**
**(State Law Negligence: investigation)**

4.6     By virtue of the facts set forth above, the City of Seattle is liable for the negligence in the investigation of this incident, which caused Mr. Caylor to lose custody and be separated from his son, W.C.

## V. RELIEF REQUESTED

WHEREFORE, the Plaintiffs request relief as follows:

5.1     Compensatory damages;

5.2     Punitive damages from the individual defendants on Plaintiff Nat Caylor's § 1983 claim;

5.3     Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and to the extent otherwise permitted by law;

5.4     Such other relief as may be just and equitable.

DATED this 21st day of July, 2011.

MacDONALD HOAGUE & BAYLESS

By _____
Timothy K. Ford, WSBN 5986
TimF@mhb.com
David J. Whedbee, WSBN 35977
DavidW@mhb.com
Attorneys for Plaintiffs

COMPLAINT - 7