HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHANIEL CAYLOR, et al., | |
| Plaintiffs, | CASE NO. C11-1217RAJ |
| v. | CONSOLIDATED |
| CITY OF SEATTLE, et al., | ORDER |
| Defendants. | |

This matter comes before the court on two motions[1] to exclude Plaintiffs' expert witnesses and for relief from the deadline for designating rebuttal experts. For the reasons stated below, the court GRANTS both motions in part and DENIES them in part. Dkt. # 54, 56. This order concludes with instructions for the parties to complete expert discovery.

Plaintiffs have designated three experienced law enforcement officers to serve as expert witnesses. Defendants ask the court to exclude at least two of them because they seek to offer cumulative testimony in violation of both Fed. R. Evid. 403 (which permits a court to prevent parties from "needlessly presenting cumulative evidence") and Local Rules W.D. Wash. LCR 43(j) (which prohibits a party from "call[ing] more than one expert witness on any subject").

---

[1] The two motions are filed on behalf of different defendants, but are repetitive of each other and request the same relief. The court questions the value of filing a separate motion that raises no new arguments. A notice of joinder in a motion will suffice in these circumstances.

ORDER – 1

1
2
3
4
5
6
7
8

The court has reviewed each expert's report.  That review reveals that although each witness touches on somewhat different topics, their testimony is largely cumulative. In particular, all three witnesses devote the clear majority of their reports to an assessment of the facts confronting the officers who fired the gunshot that is at the center of this case and an assessment of whether the law permitted the gunshot given those facts. Plaintiffs only reinforce the cumulative nature of the experts' potential testimony by repeatedly, in their opposition to the pending summary judgment motions, citing all three of their reports as evidence supporting a single assertion.

9
10
11
12
13
14
15
16
17

The court also notes that Defendants have moved, in conjunction with the summary judgment motions, to strike evidence from the experts for various reasons. Often, the motion to strike targets instances where the expert witnesses make factual findings (thus invading the province of the jury or other factfinder) and then use those impermissible fact findings to reach legal conclusions (thus invading the province of the court).  The court will not resolve the motions to strike at this point.  It will, however, caution Plaintiffs to consider, as they comply with this order and for the remainder of this litigation, whether it is likely that the court will permit any expert witness to act as a fact finder or a judge.

18

The court orders as follows:

19
20
21
22
23

1)  Within 7 days of this order, Plaintiffs shall provide to Defendants a disclosure that unambiguously reveals which experts will testify as to distinct topics. They shall not designate more than one witness for any topic.  In particular, no more than one witness will offer opinions as to whether the shooting in question was justified.

24
25

2)  Within 14 days of receiving Plaintiffs' disclosure, Defendants may designate one or more rebuttal witnesses and reveal those designations to Plaintiffs.

26
27
28

ORDER – 2

1       Defendants may have up to 28 days from receiving Plaintiffs' disclosure to

2       provide a written report or report from those experts.

3  3) Defendants may conduct depositions of Plaintiffs' experts without regard to the

4       now-expired discovery deadline.  Plaintiffs may similarly depose any rebuttal

5       expert(s) that Defendants designate.

6  DATED this 2nd day of April, 2013.

_Richard A. Jones_ (signature)

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 3