**Honorable Richard A. Jones**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT  SEATTLE**

NATANIEL CAYLOR; and W.C., a minor, through his guardian ad litem JO HANNA READ,

             Plaintiffs,

             v.

B.G. BRIGHT, WALTER BRUCE, TAMMIE CASE, STEVE HIRJAK, DON LESLIE, SCOTT MILLER, DENNIS MOORE, EUGENE SCHUBECK, and THE CITY OF SEATTLE,

             Defendants.

NO.  C11-1217 RAJ
    (CONSOLIDATED)

DEFENDANT LESLIE'S
MOTION TO STAY TRIAL

NOTE ON MOTION CALENDAR:
MAY 31, 2013

## I.    RELIEF REQUESTED

Defendant Officer Leslie requests to stay the pending June 3, 2013, trial date in this matter for the reasons set forth below.  Specifically, on May 17, 2013, Officer Leslie timely filed a Notice of Appeal of the Court's denial of his motion for summary judgment based upon the doctrine of qualified immunity.[1]   The Court's decision to deny qualified immunity is subject to interlocutory review, Officer Leslie's request for review is not frivolous, and a stay of the pending trial will spare the parties duplicative trial expenses and conserve judicial resources.

---

[1] Co-Defendant Officer Schubeck contemporaneously filed a Notice of Appeal on May 17, 2013, and also requests a stay of the current trial.

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

## II.      BACKGROUND

Officer Leslie accepts the procedural history and statement of facts contained in Section II. BACKROUND of Co-Defendant Officer Schubeck and the City of Seattle's motion for stay.

## III.      ARGUMENT

An order denying summary judgment, based upon qualified immunity, is a final decision within the meaning of 28 U.S.C. § 1291 and is appealable.  *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).   The filing of an interlocutory qualified immunity appeal divests the district court of jurisdiction to proceed as long as the appeal is not frivolous.  *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (emphasis added).  Frivolous in this context means that the appeal is untimely, dilatory, or unfounded.  *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)).   Here, Officer Leslie's appeal of the court's denial of qualified immunity is not frivolous, untimely, dilatory, or unfounded.

Neither Plaintiffs nor the Court cited to any analogous authority for the proposition that the constitutionality of the conduct of Officer Leslie was clearly beyond debate as required by *Ashcroft v. Al-Kidd*, 131 S. Ct. 2074, 2083 (2011).  Indeed, the argument of Plaintiffs at summary judgment supported rather than refuted the application of summary judgment when Plaintiffs argued that Officer Leslie and Officer Schubeck knew the same information but reached differing conclusions as to whether or not there was enough information to use deadly force.  If two officers, based upon the same information and circumstances, reach opposite conclusions on

DEF. LESLIE'S MOTION TO STAY TRIAL - 2
NO. C11-1217 RAJ

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

which course of action to take, it cannot be said as a matter of law that the action of either is "beyond debate" deny qualified immunity.

> A government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear **that every reasonable official would have understood that what he is doing violates that right**. We do not require a case directly on point, but **existing precedent must have placed the statutory or constitutional question beyond debate**.

*Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011) (Emphasis added).

The Court's Order that generally "all law enforcement officers, ha[s] a duty to intercede when [his] fellow officers violate the constitution rights of a suspect or other citizen" is so broadly drawn that it swallows any potential qualified immunity defense regardless of the facts. Moreover, the Court's decision transforms the general duty to intercede in clear constitutional violations by fellow officers to a strict duty "to prevent" constitutional violations by fellow officers from occurring at all.  The duty to intercede has never extended this far.

The real question in the analysis is: Whether or not a reasonable officer, knowing what Officer Leslie knew, and hearing what Officer Schubeck said, would have known that Officer Schubeck did not possess more vital information than Officer Leslie and that an unreasonable constitutional seizure was about to occur.   Officer Leslie, even if mistaken in his belief that Officer Schubeck was not going to use deadly force, is entitled to qualified immunity because it cannot be said, based upon this record, that every reasonable officer in Officer Leslie's shoes would have known that Officer Schubeck was going to use deadly force.  Based upon the above, it cannot reasonably be argued that Officer Leslie's appeal is frivolous as a matter of law.

The Court should stay the trial until Officer Leslie's qualified immunity appeal is decided because it is the most efficient way to resolve the entirety of Plaintiffs' claims.  Neither Plaintiffs nor Officer Leslie should be required to bear the cost of two trials when the factual background

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1  for both cases will remain essentially the same in both cases if the issues are tried separately.

2  Furthermore, a stay of the trial is also the most efficient way to conserve judicial resources.  The

3  trial is currently scheduled for ten days and that could potentially double if the Court did not stay

4  the trial during Officer Leslie's qualified immunity appeal.

5

6  **IV.    CONCLUSION**

7          For all the above reasons, Officer Leslie asks the Court to stay the current trial date during

8  his qualified immunity appeal.

9          DATED this 21st day of May, 2013.

10

11

12                              s/Gregory E. Jackson
                              GREGORY E. JACKSON, WSBA #17541
13                              Freimund Jackson Tardif & Benedict Garratt, PLLC
                              711 South Capitol Way, Suite 602
14                              Olympia, WA  98501
                              Telephone: (360) 534-9960
15                              Fax: (360) 534-9959
                              gregj@fjtlaw.com
16                              Attorney for Defendant Leslie

17

18

19

20

21

22

23

24

25

26

1

**CERTIFICATE OF SERVICE**

2

   I hereby certify that on May 21, 2013, I caused to be electronically filed the foregoing

3

document with the Clerk of the Court using the CM/ECF system which will send notification

4

of such filing to the following:

5

6

   Timothy K. Ford
   timf@mhb.com

7

   David J. Whedbee
   davidw@mhb.com

8

9

   Ted Buck
   tbuck@freybuck.com

10

   Evan Bariault
   ebariault@freybuck.com

11

   Stephen Powell Larson
   slarson@freybuck.com

12

13

   Jo-Hanna Read
   jolawyer@read-law.com

14

15

          /s/Kathrine Sisson

16

          KATHRINE SISSON

17

18

19

20

21

22

23

24

25

26

DEF. LESLIE'S MOTION TO STAY TRIAL - 5
NO. C11-1217 RAJ

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959