HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHANIEL CAYLOR, et al.,

    Plaintiffs,

v.

CITY OF SEATTLE, et al.,

    Defendants.

CASE NO. C11-1217RAJ

ORDER

Having considered the supplemental briefing of Defendants Don Leslie and Eugene Schubeck, the court GRANTS their motions to stay this action (Dkt. ## 131, 137) pending resolution of their interlocutory appeal. With the exception of two motions to seal (Dkt. ## 115, 117), which the court will address in a separate order, the court directs the clerk to TERMINATE all pending motions in this action, VACATE the trial date and all pending pretrial deadlines, and STAY this action pending further order of the court.

In their supplemental briefing, both Defendants have certified that they will not challenge the court's factual determinations on appeal. That suffices to address the concerns the court raised in the order it issued yesterday. The court therefore declines Plaintiffs' invitation to certify Defendants' interlocutory appeals as frivolous and proceed with trial.

What remains is Plaintiffs' request to certify as an appealable judgment the court's grant of summary judgment dismissing their 42 U.S.C. § 1983 claims against the City of

ORDER – 1

Seattle. *See* Fed. R. Civ. P. 54(b). Both Defendants oppose that request, and their opposition is persuasive. Courts impose safeguards for interlocutory appeals of qualified immunity determinations that help ensure speedy appellate review. Among those safeguards is the prohibition on appealing factual determinations. The same safeguards would not apply in an appeal of a decision granting summary judgment. Although there is some chance that Plaintiffs' preferred approach would avoid duplicative trials (in the event that the appellate court denies Defendants' interlocutory appeal, Plaintiffs win their individual § 1983 claims at trial, and they successfully appeal the court's summary judgment on their claims against the City in a manner that requires a second trial), that chance is not a sufficient reason to impede the expedient disposition of Defendants' interlocutory appeals. The court therefore declines to enter a Rule 54(b) judgment.

Dated this 23rd day of May, 2013.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 2