HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHANIEL CAYLOR, et al.,

    Plaintiffs,

    v.

CITY OF SEATTLE, et al.,

    Defendants.

CASE NO. C11-1217RAJ

ORDER

This matter comes before the court on Plaintiffs' motion to extend the deadline for responding to two offers of judgment. Dkt. # 153. For the reasons stated below, the court DENIES the motion, but rules that the offers of judgment are invalid.

One of the Defendants in this case, who the court will refer to as the Offering Defendant, served Plaintiffs with offers of judgment in accordance with Federal Rule of Civil Procedure 68. Rule 68 permits a party to accept such an offer within fourteen days after being served. The fourteen-day period for the Offering Defendant's offers will expire 14 days from July 23. Plaintiffs question the validity of the offers, and hope to bring their objections before the court for a ruling.

By filing this motion, Plaintiffs attempt to involve the court, without its consent, in settlement discussions between the parties. The court typically avoids involvement in the settlement of cases before it. Although the court makes exceptions in some cases, it does so after considering the circumstances, not because a party has forced the court to

ORDER – 1

become part of settlement discussions. The court's staff is aware of this policy, and for that reason, took the unusual step of informing the court of Plaintiffs' motion without telling the court the name of the case in which the motion was filed or who the parties were. Instead, staff informed the court as follows:

1) That the motion had been filed in a case involving two plaintiffs and more than one defendant.

2) That the case involved at least one claim in which attorney fees were potentially available via 42 U.S.C. § 1988.

3) That Plaintiffs had filed, along with their motions, the two Rule 68 offers. Plaintiffs had redacted portions of the offers that refer to the fixed sum of money the Offering Defendant offered.

The court's staff also provided the court with redacted versions of Plaintiffs' motion and the Offering Defendant's response, including the Rule 68 offers themselves. The versions the court reviewed are attached electronically to this order. The redactions have removed all reference to the name of the case, the case number, and the parties to the case, including any ancillary information that might have identified the case.

Because the court believes that the identity of the parties is in no way relevant to its disposition of this motion, it has prepared this order without reference to the parties. The court directed its staff to affix a case caption to this order only after the court had approved it for entry. Although the court cannot ensure that it will not inadvertently become aware of the identity of the parties (it might discover this order, for example, in a later review of the docket), it has taken steps to ensure that this is unlikely to happen. The court believes that this minimizes the risk of prejudice to any party from undue involvement by the court in settlement discussions.

With those caveats in mind, the court first rejects Plaintiffs' request that the court extend their deadline for responding to the offer of judgment beyond the fourteen-day

ORDER – 2

period that Rule 68 provides.  The offer of judgment is the Offering Defendants' offer to make, limited only by Rule 68's requirement that it remain open for at least fourteen days.  The court does not believe that it has authority to extend Plaintiffs' time to respond to the Rule 68 offer, and Plaintiffs have cited no authority suggesting otherwise.

It is questionable whether it is proper to ever submit a pending Rule 68 offer to the court.  Rule 68 itself declares that "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs."  Fed. R. Civ. P. 68(b); *see also* Fed. R. Civ. P. 68(a) (permitting either party to file an accepted offer of judgment).  But the subsection in which that prohibition appears also explains that "an unaccepted offer is considered withdrawn . . . ."  Fed. R. Civ. P. 68(b).  An "unaccepted offer," therefore, is more precisely an offer that has not been accepted *and* that no longer can be accepted, either because the fourteen-day period has expired or because the plaintiff has explicitly rejected the offer.  Thus, the offer now before the court is not yet an "unaccepted offer" within the meaning of Rule 68.   That is not the end of the issue, however.  In the ordinary case, parties do not inform the court of their settlement offers.  Although the court has the option to take a role in settlement discussions, that role is necessarily limited.  As the court has noted, a party who files a Rule 68 offer before acceptance potentially forces the court to become involved in settlement without the court's consent.  At least one appellate court has acknowledged that permitting the trial judge to learn that a Rule 68 offer has been made raises the possibility that the judge's knowledge will taint the ultimate judgment, and that the parties' *ex ante* decisions to make or accept a Rule 68 offer might be tainted by that possibility.  *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 295 (6th Cir. 1989); *see also Champion Produce*, 342 F.3d at 1024 (citing *Hopper* favorably).  Without purporting to consider every circumstance in which it might be appropriate to inform a court of a pending Rule 68 offer, those circumstances should be rare, and the filing party must take every precaution to avoid unduly revealing

ORDER – 3

settlement information to the court.  If the court's staff had not taken steps to ensure that the court considered this motion and the Rule 68 offers in redacted form, the outcome today might have been different.[1]

The court acknowledges, however, that these offers of judgment place Plaintiffs in a difficult position.  An unaccepted Rule 68 offer typically exposes a plaintiff only to the risk of paying costs incurred after the offer, in the event that the plaintiff's ultimate judgment is "not more favorable than the unaccepted offer."  Fed. R. Civ. P. 68(d).  Recoverable costs are typically a relatively small sum.  But, because this case involves a claim for which attorney fees may be available via 42 U.S.C. § 1988, attorney fees are an element of recoverable costs.  42 U.S.C. § 1988(b).  If a plaintiff in a case subject to § 1988 ultimately receives a less favorable judgment than that contained in a Rule 68 offer, the plaintiff may not claim attorney fees incurred after the offer.  *Marek v. Chesny*, 473 U.S. 1, 11-12 (1985).  Attorney fees, as opposed to ordinary costs, are often a substantial sum.  In other words, the financial stakes are much higher when a plaintiff considers a Rule 68 offer in a case where § 1988 (or another statute that designates attorney fees as an element of costs) applies.

The court is aware of no binding authority addressing whether the court may consider the terms of a pending Rule 68 offer.  The court is aware of at least two judges in this District who have taken different positions on that issue.  The Honorable Marsha J. Pechman denied a motion to quash a Rule 68 offer after striking the unaccepted offer from the record.  *Bechtol v. Marsh & McClennan Companies*, *Inc.*, No. C07-1246MJP (Dkt. # 76), May 14, 2008 order.  The court observes that there was no claim to which § 1988 applied in *Bechtol*.  The Honorable Robert S. Lasnik, however, considered (in a

---

[1] Plaintiffs' decision to redact the fixed monetary sum that the Offering Defendant offered addresses some of the potential prejudice in this case, but not all of it.  Plaintiffs did not redact references to the Offering Defendants' offer to pay Plaintiffs' pre-offer attorney fees.  Moreover, the mere fact that an offer has been made has the potential to at least create the appearance of prejudice with respect to the court's later consideration of a case.

ORDER – 4

case subject to § 1988) a pending Rule 68 offer and struck it because it was "impermissibly vague." *Blondin v. Shelton*, No. C09-1487RSL (Dkt. # 31), Mar. 8, 2010 order.

The court rules only that in the circumstances this motion presents, where the court has not learned the identity of the parties, it may consider the validity of the pending Rule 68 offers.

The relevant terms of the offers are as follows. First, the Offering Defendant offers each Plaintiff a judgment consisting of a fixed sum of money along with Plaintiffs' pre-offer attorney fees, subject to a court determination of reasonable fees. Second, the offers require, as a condition of acceptance, that Plaintiffs release their claims against all other Defendants. No other Defendant has made an offer of judgment.

The court rules that the Offering Defendant's Rule 68 offer is invalid because it conditions entry of judgment on the dismissal of claims against Defendants who do not offer judgment. That condition potentially places Plaintiffs in an untenable situation. Imagine, for example, that Plaintiffs view the Offering Defendant's offer as a reasonable estimate of the Offering Defendant's liability, but believe that they will recover more against the other Defendants. In that circumstance, Plaintiff would reasonably reject the Defendants' offer, but lose the right to claim costs (including attorney fees in this case) incurred against the Offering Defendant after the offer. In other words, the Offering Defendant's offer potentially permits the Offering Defendant to gain the benefits of Rule 68 by leveraging the claims of Defendants who do not offer judgment. *Cf. King v. Rivas*, 555 F.3d 14, 17-18 (1st Cir. 2009) (considering application of Rule 68 to situations in which multiple defendants make a joint Rule 68 offer). The Offering Defendant's approach potentially permits it to gain the benefits of Rule 68 (avoiding a post-offer attorney fee award) while artificially limiting the risk that its offer will be accepted. The court believes that result is inconsistent with the purpose of Rule 68. *See Champion*

ORDER – 5

*Produce, Inc. v. Ruby Robinson, Co.*, 342 F.3d 1016, 1023 (9th Cir. 2003) ("Rule 68 operates to shift to the plaintiff responsibility for post-offer costs that could have been avoided had the plaintiff made the right choice and accepted the defendant's Rule 68 offer – costs it ought not to have incurred.") (internal quotation omitted).  The court holds that a defendant cannot condition a Rule 68 offer of judgment on the dismissal of claims against non-offering codefendants.

Accordingly, the court DENIES the motion to extend the deadline for responding to the Offering Defendant's Rule 68 offers, but rules that the offers are invalid.

It is possible that the Offering Defendant or other Defendants may wish to extend new Rule 68 offers.  If they do so, and if disputes about the validity of those offers arise, the parties are required to meet and confer to attempt to resolve those disputes.  If they are unable to do so, they may contact the court's chambers to discuss a procedure for submitting the dispute.  Any party in this case who files a Rule 68 offer (except in the circumstances that the Rule explicitly recognizes) without leave of court will be sanctioned.

Dated this 2nd day of August, 2013.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 6