15
16   Plaintiffs hereby move for relief from a 14-day deadline to respond to the
17   Defendants' FRCP 68 Offers of Judgment in this case.

## FACTS UNDERLYING MOTION

[text redacted lines 19-22]

23   On July 23, 2013, Defendants served Plaintiffs with purported Offers of Judgment
24   pursuant to FRCP 68. Copies of the Offers, with the amounts redacted, are attached as Exhibits
25   A and B.
26   Plaintiffs believe that, for several reasons, these Offers are inconsistent and invalid under
27   the Rule. Among other things, they condition acceptance of the Offers by each Plaintiff on the

MOTION FOR RELIEF FROM DEADLINE
FOR RESPONDING TO FRCP 68 OFFERS - 1

*Motion*

other; they demand dismissal of Defendants who are making no Offers of Judgment; ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Judge Robert Lasnik of this Court held invalid Offers of Judgment involving similar, but fewer, problems in another ▓▓▓ case in this District, in 2011. *See* Order Striking FRCP 68 Offer, *Blondin v. Snohomish*, W.D. Wa. No. C09-1487 RSL (copy attached as Exhibit C).

In order for Plaintiffs to bring their objections to these Offers before the Court, more than 14 days will be required under Western District Local Rule 7(d)(3). Plaintiffs are therefore filing this Motion for Relief from the 14-day deadline in order to permit these issues to be resolved.

## ARGUMENT

Under FRCP 68, plaintiffs are required to answer an offer of judgment within 14 days, or the offer lapses and the consequences of the Rules attach. Under Western District Local Rule 7(d)(3), a motion challenging the validity of these offers would have to be noted for a third Friday following the filing of the motion, in this case, August 9, 2013, at the earliest. By the time any such motion was heard, the time for responding under FRCP 68 would have lapsed.

Rule 68 offers have significant consequences for plaintiffs and require careful analysis. *See Marek v. Chesney*, 473 U.S. 1, 4-5 (1985); *Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1076, 1078 n.2 (7th Cir. 1999) (holding that "requiring the offeror, always a defendant, to make an offer precise enough to enable each offeree, always a plaintiff, to assess the merits of her claim relative ot the value of the offer is the better rule."); *see also Radecki v. Amoco Oil Co.*, 858 F.2d 397, 402-03 (9th Cir. 1988). In order for Plaintiffs to evaluate the Offers and determine how to respond, Plaintiffs will require a ruling from the Court. If the deadline is not extended, by the time Plaintiffs could obtain such a ruling Plaintiffs' options to accept the Offers, if valid, would have lapsed.

## CONCLUSION

Plaintiffs should be relieved from the FRCP 68 deadline for responding to the Offers of Judgment dated July 23, 2013, and a new deadline for such a response should be set by the Court in the event the Court finds either or both of the Offers to be valid.

MOTION FOR RELIEF FROM DEADLINE
FOR RESPONDING TO FRCP 68 OFFERS - 2

Pursuant to FED. R. CIV. P. 68, ▮▮▮▮▮ offers ▮▮▮▮▮ take judgment against it in this action for the total sum of Redacted plus reasonable attorneys' fees, expenses and costs incurred to the date of this offer to be determined by the Court.

This judgment shall be in full satisfaction of all federal and state claims or rights that ▮▮▮▮▮ may have to damages or any other form of relief arising out of the alleged acts or omissions of defendants ▮▮▮▮▮ or any other defendant in this action as well as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Offer

1  ███████ in connection with the facts and circumstances that are the subject of this
2  action.
3      This offer of judgment is made pursuant to FED. R. CIV. P 68 and is not to be
4  construed as an admission of liability by any defendant ██████████
5  ████████████████████████████████████ nor is it an admission that plaintiff
6  has suffered any compensable damages.
7      This offer is contingent upon both plaintiffs, ████████████████
8  accepting their individual offers of judgment such that all remaining claims in this case
9  are extinguished and the lawsuit is resolved with finality.
10     Acceptance of this offer of judgment will act to release and discharge defendants
11 ████████████████████████████████████
12 ████████████████████████████████████
13 ████████████████████████████████████
14 ████████ from any and all claims that were or could have been alleged
15 by plaintiff in the above-referenced action.

Acceptance of this offer of judgment also will operate to waive plaintiff's any claim of attorneys' fees or costs incurred after the date of this offer and any interest on the amount of the judgment. The judgment shall contain and recite the terms and conditions set forth herein.

## INTRODUCTION

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ does not believe FED. R. CIV. P. 68 gives the Court authority to extend the deadline on an offer of judgment. Additionally, a determination of the issues described in plaintiffs' motion is premature as the offer is pending and evidence of an unaccepted offer is not admissible except in a proceeding to determine costs. Accordingly, defendants respectfully request the Court deny plaintiffs' motion.

{00074966;2}

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR RELIEF FROM
DEADLINE FOR RESPONDING TO FRCP 68
OFFERS - 1

## II. AUTHORITY

### 1. The 14-day deadline may not be extended.

Courts have found that "to extend the ... period within which the Offer of Judgment must be accepted would undermine the purpose of Rule 68," which is, in part, "to protect the party who is willing to settle from the burden of costs which subsequently accrue. The provision of the rule which imposes costs upon a party who refuses an Offer of Judgment and who later recovers no more than the offer also puts teeth in the rule and makes it effective by encouraging acceptance." *Staffend v. Lake Central Airlines*, 47 F.R.D. 218, 219-220 (N.D. Ohio 1960). Extending the period for plaintiffs to accept an Offer of Judgment would reduce the usefulness of Rule 68. *Id.* ("Extending the...acceptance period would deprive the defendant of the advantage of using Rule 68, since the plaintiff could accept at a much later date"). "The sanction provided by Rule 68 would be negated." *Id.*

The reverse of this rule is that defendants may not revoke an offer of judgment during the 14-day period absent fraud or mistake. *See Cesar v. Rubie's Costume Co., Inc.*, 219 F.RD. 257, 260 (E.D.N.Y. 2004). If a defendant cannot revoke an offer during the 14-day period absent fraud or mistake, plaintiff should not be allowed to expand it.

Here, the Court should deny any extension as it would undermine the purpose of Rule 68.

### 2. The Filing of the Offers of Judgment is Improper.

It is well established that strong public policy favors keeping parties' settlement discussions confidential. *Phillips ex. Rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002); *Folb v. Mot. Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d

{00074966;2}

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR RELIEF FROM
DEADLINE FOR RESPONDING TO FRCP 68
OFFERS - 2

1164, 1176-77 (C.D. Cal. 1998). Confidentiality encourages parties to explore alternatives to trial with the assurance that communications will not be disclosed to the public or the Court inappropriately or prematurely. Indeed, the purpose behind FRCP 68 offers of judgment is to encourage settlement by providing the parties with incentives to end litigation early on. *Marek v. Chesny*, 473 U.S. 1, 5 (1985). Rule 68 echoes the public policy in maintaining confidentiality of settlement offers by prohibiting the admissibility of unaccepted offers of judgment, except in proceedings to determine costs. FED. R. CIV. P. 68 (b); *See also Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 295 (6th Cir. 1989) (purpose of Rule 68 in encouraging settlement undermined if parties know the court will evaluate terms of unaccepted offer when making later judgment).

An offer of judgment may only be filed when it is accepted. *Kason v. Amphenol Corp.*, 132 F.R.D. 197, 197 (N.D. Ill. 1990). Where an offer of judgment is filed before it is accepted, it must be stricken from the record. *See Scheriff v. Beck*, 452 F.Supp. 1254, 1259 (D.C. Colo. 19780 ("[w]hen such a procedural error is made…the only corrective action to be taken is to strike the early filing").

Despite the clear language of the rule and the policy favoring it, plaintiffs filed unaccepted and pending offers of judgment in the public record. The offers of judgment are inadmissible except to determine costs, an issue that is not present at this time. Plaintiffs' requests are premature and at this stage in the litigation, the offers of judgment amount to settlement communications, at the very least, and should be stricken.

Under similar circumstances, Judge Marsha Pechman denied a motion to quash offers of judgment because plaintiff improperly filed the offers as attachments to his motion. *Declaration*

{00074966;2}

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR RELIEF FROM
DEADLINE FOR RESPONDING TO FRCP 68
OFFERS - 3

(Order Denying Plaintiff's Motion to Quash Rule 68 Offer of Judgment - *Bechtol v. Marsh & McLennan Companies, Inc.*, No. C07-1246 MJP (W.D. Wash. May 13, 2008)). In *Bechtol*, plaintiff filed a motion to quash defendant's offer of judgment arguing it contained mutually exclusive remedies. Judge Pechman held that evidence of an unaccepted offer is not admissible except in a proceeding to determine costs. The court struck the early filing of the unaccepted offer as improper under Rule 68 and denied the motion, holding that "[d]efendant's offer has not been properly filed with the Court, and there has been no judgment entered in this action. At this point, the Court cannot determine the fairness of the offer of judgment." This Court should deny plaintiffs' motion on the same basis relied upon in *Bechtol*.

While plaintiffs may argue that redaction of the monetary sums contained in the offers of judgment allows for their admissibility, this position is erroneous. The fact that an offer is made is treated under Rule 68 as confidential in light of the prohibition against filing them. The redaction does not and cannot cure the impropriety of the filing.

Lastly, Rule 68 authorizes parties to file more than one offer of judgment. If the defendants here decide to serve any offers of judgment in the future, the premature nature of plaintiffs' requests would be heightened. It would be a futile effort for this Court to determine the validity of one set of offers only to return again to dispute a second set. The appropriate time to deal with said offers is either after plaintiffs have accepted the offers or obtained judgments.

{00074966;2}